IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| George Brown, | ) | C/A No. 3:10-2860-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Columbia; Allison Baker, and Damon McDuffie, in their individual capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, George Brown, filed this employment discrimination case pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. and 42 U.S.C. § 1983 against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion of Defendants City of Columbia and Allison Baker to dismiss Brown's third cause of action for civil conspiracy, which is asserted against Defendants Baker and McDuffie. (ECF No. 7.) Having carefully considered the parties' submissions and the applicable law, the court finds that the motion should be denied.

**DISCUSSION**

**A.     Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.     Civil Conspiracy Claim**

A civil conspiracy claim arising under South Carolina law requires a plaintiff to show a combination of two or more parties joined for the purpose of injuring the plaintiff, causing him special damages. Angus v. Burroughs & Chapin Co., 628 S.E.2d 261, 262 (S.C. 2006). South Carolina law is clear that an at-will employee[1] may not maintain a civil conspiracy action against his employer. Id.; Ross v. Life Ins. Co. of Va., 259 S.E.2d 814, 815 (S.C. 1979). Nor may public officials be sued in their individual capacities for civil conspiracy when they terminate an at-will employee.[2] Angus v. Burroughs & Chapin Co., 596 S.E.2d 67, 70 (S.C. Ct. App. 2004), rev'd on other grounds, 628 S.E.2d 261 (S.C. 2006); see also Reed v. Town of Williston, C/A No. 1:08-cv-2451-MBS, 2009 WL 821013 (D.S.C. Mar. 27, 2009) (relying on the portion of the Angus decision by the South Carolina Court of Appeals that was not reversed by the South Carolina Supreme Court).

---

[1] The parties do not dispute that Brown is an at-will employee. See Bunting v. City of Columbia, 639 F.2d 1090, 1093-94 (4th Cir. 1981) (finding that City of Columbia employees are terminable at will).

[2] Moreover, a *plaintiff* who is a public official cannot maintain a civil conspiracy claim against non-employer third parties. Angus, 628 S.E.2d at 262.



This court, however, has previously determined that, under South Carolina law, defendants who are neither the plaintiff's employer nor public officials may be sued for civil conspiracy in their individual capacities. See Anthony v. S.C. Dep't of Corrs., C/A No. 3:05-CV-1636-MBS, 2007 WL 1032440, at *6-*7 (D.S.C. Mar. 30, 2007) (Seymour, J.) (denying summary judgment with regard to the at-will plaintiff's civil conspiracy claim against the Deputy Director and Inspector General of the South Carolina Department of Corrections in their individual capacities); cf. Reed v. Town of Williston, C/A No. 1:08-cv-2451-MBS, 2009 WL 821013, at *3 (D.S.C. Mar. 27, 2009) (Seymour, J.) (granting judgment on the pleadings to the mayor, town council members, and the town administrator pursuant to the Angus decision of the Court of Appeals because those defendants were public officials). Defendant Baker is not Brown's employer. Rather, Baker, like Defendant Ward in this court's Anthony decision, is the plaintiff's supervisor. See (Compl. ¶¶ 4-7, ECF No. 1); Anthony, 2007 WL 1032440, at *1. Nor does the record show that Baker is a public official.[3] Accordingly, the facts presented appear to be most closely analogous to those in Anthony. Baker is therefore not entitled to dismissal of the civil conspiracy cause of action on this basis.

Next the defendants argue that South Carolina law provides statutory immunity to government employees for civil conspiracy claims arising out of employment actions. However, the provision upon which they rely is not so broad. Rather, the budget proviso, S.C. 2010-2011 Appropriation Bill, Act No. 291, H. 4657, Proviso 89.146 (eff. June 9, 2010), states as follows:

> **89.146.** (GP: Civil Conspiracy Defense Costs) For the current fiscal year [beginning July 1, 2010], for any claim that has not reached a judgment, if a state or local government employee or former state or local government employee ("government

---

[3] Although the defendant's memorandum seems to assume that Baker is a public official, Brown appears to dispute this, and the record is insufficiently developed for the court to make this determination as a matter of law on a Rule 12(b)(6) motion.



> employee") is personally sued for civil conspiracy based in part upon a personnel or employment action or decision regarding an employee, the court must, prior to trial, make a final determination whether the action or decision giving rise to the suit was made by the government employee within the scope of their official duty. If the court finds that the government employee was acting outside the scope of the employee's official duties, the government shall not thereafter expend any funds to pay or defend the claim. If the court finds the government employee was acting within the scope of their official duties, the employee is immune from suit, liability, and damages with respect to the civil conspiracy claim. The government may only expend funds to defend the claim if the determination is that the employee was acting within the scope of their official duties. Nothing in this proviso prevents an insurance provider from defending and paying, respectively, any claims that the provider has contractually agreed to defend and pay.

Thus, the proviso essentially requires the court to make a determination as to whether the government employee was acting within the scope of his official duty and, if the court determines that he was not, then the State of South Carolina will not expend funds to defend the claim. The proviso cannot be read to provide statutory immunity for defendants acting outside the scope of their official duties; it merely addresses who is to pay to defend such claims.

The Complaint specifically alleges that Baker was acting outside the scope of his employment. (Compl. ¶ 23, ECF No. 1.) The record is insufficiently developed for the court to make the determination required by Proviso 89.146 on a Rule 12(b)(6) motion. The defendants' motion is premature and should therefore be denied without prejudice to reassert this argument based on a record more fully developed by either evidence presented at a hearing for such purpose or by affidavits supporting an appropriate motion.

Last, the defendants argue that the court lacks supplemental jurisdiction over the civil conspiracy claim. The court finds that the civil conspiracy claim against Baker and McDuffie form a part of the same case or controversy and derive from a common nucleus of operative fact as the federal claims asserted such that they would be expected to be tried in one proceeding. See 28

U.S.C. § 1367; <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966). Accordingly, the defendants' motion should also be denied on this ground.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss be denied. (ECF No. 7.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 16, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).