UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George Brown, | ) | C/A No. 3:10-2860-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| City of Columbia; Allison Baker; and Damon McDuffie, in their individual capacities, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

The plaintiff, George Brown, brings this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq*. and 42 U.S.C. § 1983 based upon First Amendment retaliation against the named defendants. The plaintiff was formerly employed by the City of Columbia as a superintendent of the Parks and Recreation Department.

The Magistrate Judge assigned to this action,[1] has prepared a Report and Recommendation wherein she suggests that the motion to dismiss (ECF No. 7) by defendants City of Columbia and Allison Baker should be denied. The plaintiff filed a response in opposition to the motion, to which the defendants replied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, however, none have done so within the time limits prescribed. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge suggests that the motion to dismiss should be denied at this time. The Magistrate Judge notes that the plaintiff is an at-will employee. She concludes that defendant Baker is not the plaintiff's employer, but rather his supervisor. As such, the plaintiff's claim of civil conspiracy may proceed against defendant Baker in his individual capacity.

The Magistrate Judge also opines that while the plaintiff alleges that defendant Baker was acting outside the scope of his employment, the record is insufficiently developed for the court to make the determination as to such scope required by S.C. 2010-2011 Appropriation Bill, Act No. 291, H. 4657, Proviso 89.146 (eff. June 9, 2010) on a Rule 12(b)(6) motion as to statutory immunity.

Finally, the Magistrate Judge finds that the court does not lack supplemental jurisdiction over the civil conspiracy claim against defendants Baker and McDuffie because they form a part of the same case or controversy and derive from a common nucleus of operative fact as the federal claims asserted.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.  Accordingly, the motion to dismiss (ECF No. 7) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 19, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3