IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| George Brown, | ) | C/A No. 3:10-2860-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Columbia; Allison Baker, and Damon McDuffie, in their individual capacities, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, George Brown, filed this employment discrimination case pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. and 42 U.S.C. § 1983 against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the plaintiff's motion for default judgment as to Defendant McDuffie. (ECF No. 35.) Defendant McDuffie filed a response in opposition in which he moves to dismiss the Complaint for insufficient service of process. (ECF No. 39.) Having carefully considered the parties' submissions and the applicable law, the court finds that the plaintiff's motion should be denied and Defendant McDuffie's motion should be conditionally granted.

**DISCUSSION**

The parties' submissions indicate that McDuffie has not been properly served in accordance with Federal Rule of Civil Procedure 4(e). It appears that, having obtained an extension of time from the court to effect service upon McDuffie, the plaintiff attempted to serve McDuffie pursuant to Rule 4(e)(2)(B). (Aff. of Service, ECF No. 35-1 at 2.) That subsection permits service upon an individual

by "leaving a copy . . . at the individual's *dwelling or usual place of abode* with someone of suitable age and discretion who resides there." Fed. R. Civ. P 4(e)(2)(B) (emphasis added). In opposition to the plaintiff's motion for a default judgment and in support of his motion to dismiss, counsel for McDuffie asserts that the address where the process server left a copy of the summons and complaint is not McDuffie's dwelling or usual place of abode. (ECF No. 39 at 3.). Although the motion does not contain a supporting affidavit or declaration from McDuffie to that effect, counsel's assertions raise a question as to whether McDuffie has been properly served. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 at 342-44 (3d ed. 2004) (discussing the great weight of authority holding that the person on whose behalf service has been made has the burden of establishing its validity but also indicating that a defendant should support a motion to dismiss or to quash service "with an affidavit denying the validity of service").

The court observes that the plaintiff has had approximately ten months to effect service upon McDuffie and apparently has failed to do so in accordance with Rule 4 despite obtaining additional time. Accordingly, in the absence of a properly supported motion by the plaintiff to obtain additional time to effect service, and if McDuffie's assertions were to be properly supported by affidavit or declaration, the Complaint against McDuffie should be dismissed pursuant to Rule 4(m).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the plaintiff's motion for default judgment be denied. (ECF No. 35.) Further, if McDuffie files within the time permitted for filing objections to this Report and Recommendation an affidavit or declaration supporting his assertion that service was not made in accordance with Rule 4, and if the plaintiff fails to file within that same time period a properly supported motion showing good cause for failure to effect service within the



prescribed time period, the court recommends that McDuffie's motion to dismiss pursuant to Rule 12(b)(5) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 31, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).