IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| George Brown, | ) | C/A No.:  3:10-2860-JFA-PJG |
| | ) | |
|       Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| City of Columbia, Allison Baker, | ) | |
| and Damon McDuffie, | ) | |
| in their individual capacities, | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff George Brown's objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), recommending that the plaintiff's motion for default judgment as to Defendant McDuffie be denied. The R&R further recommends the following:

> [I]f McDuffie files within the time permitted for filing objections to this Report and Recommendation an affidavit or declaration supporting his assertion that service was not made in accordance with Rule 4, and if the plaintiff fails to file within that same time period a properly supported motion showing good cause for failure to effect service within the prescribed time period, the court recommends that McDuffie's motion to dismiss pursuant to Rule 12(b)(5) be granted.

Having reviewed the entire record, including Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct

1

principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

**I.     Legal Standards**

    **A.     The Magistrate Judge's Report and Recommendation**

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

    **B.     Motion to Dismiss for Insufficient Service of Process**

A plaintiff must serve an individual defendant in accordance with Fed. R. Civ. P. 4(e). For example, 4(e)(2)(B) allows a plaintiff to serve an individual by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." If that service of process is insufficient, then the defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

> [T]he party on whose behalf service has been made has the burden of establishing its validity. . . . Normally the process server's return will

> provide a prima facie case as to the facts of service but if the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion.

5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 at 342–44 (3d ed. 2004).

## II.     Procedural & Factual History

The plaintiff filed this employment discrimination case pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. and 42 U.S.C. § 1983 against the named defendants. Plaintiff alleges that his former employer discriminated against him based on his age, in violation of the ADEA; that all named Defendants violated his civil rights in their official capacities; and that Defendants Baker and McDuffie engaged in a civil conspiracy against him, in violation of South Carolina law. According to the process server's return in this case, the summons and complaint were served on McDuffie by leaving each with McDuffie's mother at 656 Delverton Road, Columbia, South Carolina 29203.

The plaintiff filed a motion for default as to Defendant McDuffie on August 1, 2011. On August 18, 2011, Defendant McDuffie filed a response in opposition to the motion for default judgment and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. As discussed above, the Magistrate Judge recommended that the plaintiff's motion for default judgment be dismissed. In her R&R, the Magistrate Judge further recommended that defendant's motion to dismiss be granted,

3

provided that McDuffie filed an affidavit supporting his assertion that service was not made in accordance with Rule 4 and that plaintiff fails to file within that same time period a properly supported motion showing good cause for failure to effect service within the prescribed time period. After the Magistrate Judge filed her R&R, McDuffie filed an affidavit stating that he did not and had never resided at the residence where the plaintiff made service of process. McDuffie further stated that he "[had] not received a copy of the papers that the Affidavit of Service states were left with Cynthia McDuffie at 656 Delverton Road, Columbia, South Carolina 29203." (ECF No. 44). The plaintiff filed objections to the R&R, arguing that he had properly effected service of process on Defendant McDuffie. As evidence of the proper service, the plaintiff offered the statements of the process server that he left the summons and complaint with a woman who identified herself as McDuffie's mother and that McDuffie received his mail at his mother's address. Furthermore, according to his mother, McDuffie "sometimes lived with her," and she considered the Delverton Road address to be his permanent address although she did not know "where her son was staying at the present time." (ECF No. 43).

**III.   Analysis**

Although the plaintiff argues that he has properly served Defendant McDuffie under Fed. R. Civ. P. 4(e)(2)(B), the court is unpersuaded that the Delverton Road address is the defendant's "dwelling or usual place of abode." As noted by the Fourth Circuit, "'the decisions interpreting the term indicate that no hard-and-fast definition can be laid down, but that what is or is not a party's 'dwelling house or usual place of abode'

4

within the meaning of the rule or statute is a question to be determined on the facts of the particular case.'" *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (1963) (quoting 2 Moore, *Federal Practice*, paragraph 4.11, at 929 (2d ed. 1962)).  As such, this court turns to the facts of this case to render a decision on whether service of process was proper.  While McDuffie's mother apparently considers her home his permanent address, McDuffie's affidavit directly contradicts the assertion that he currently resides or that he has ever resided at 656 Delverton Road.  McDuffie apparently receives his mail at his mother's home, but he has a different address on his driver's license.  Importantly, McDuffie's affidavit states that he has yet to receive a copy of the summons and complaint left with his mother to alert him to the existence of a lawsuit against him.  The Fourth Circuit has indicated that actual notice is a key consideration in whether a plaintiff has been properly served, stating

> To the extent that there is any rule or guide to be followed by the federal courts . . . it is that where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) [now 4(e)(2)] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits.

*Karlsson*, 318 F.2d at 668 (citing *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942); 2 Moore, *Federal Practice*, paragraph 4.11, at 928 (2d ed. 1962)).  Here, in part because McDuffie did not receive actual notice of the plaintiff's lawsuit against him, the court finds that service was not proper under Rule 4(e)(2)(B).  The plaintiff's argument that

5

McDuffie's mother's house is his "dwelling or usual place of abode" is unpersuasive, and the plaintiff has provided no explanation as to why it failed to properly serve Defendant McDuffie despite obtaining additional time to serve Defendant McDuffie. As such, the court adopts the Magistrate Judge's recommendation that McDuffie's motion to dismiss pursuant to Rule 12(b)(5) be granted.

### IV.    Conclusion

The court hereby grants Defendant McDuffie's motion to dismiss pursuant to Rule 12(b)(5) and denies the plaintiff's motion for default judgment. The claims against Defendant McDuffie are dismissed with prejudice.

IT IS SO ORDERED.

November 21, 2011                      Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge