IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| George Brown, | ) | C/A No.: 3:10-cv-2860-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| City of Columbia and Allison Baker, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This employment litigation matter is before the Court upon Plaintiff George Brown's objections to a United States Magistrate Judge's Report and Recommendation ("R&R" or "Report"), which recommends that this court grant Defendants City of Columbia's and Allison Baker's Motion for Summary Judgment. In his Complaint, Plaintiff has alleged violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; 42 U.S.C. § 1983; and the First Amendment to the United States Constitution; as well as a state law claim for civil conspiracy. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in her Report. Accordingly, the court adopts the R&R and fully incorporates it into this order.

I.      **Factual and Procedural History**

Plaintiff was hired as Parks Superintendent in 2004 for the City of Columbia. From 2004 to 2008 Plaintiff had no job performance issues. In June of 2008, however, Baker, Plaintiff's superior, placed Brown on probation for six months, and Plaintiff was

1

given a list of tasks to complete. At the end of Brown's probationary period, Plaintiff contends that he had made progress on the tasks assigned to him; however, Baker apparently remained dissatisfied with Brown's progress and extended his probation by sixty days. In mid-August 2009, Baker indicated that Brown could resign or face termination of his employment. Brown's employment was terminated on September 29, 2009.

Plaintiff filed the instant action on November 4, 2010. On September 27, 2011, Defendants Baker and the City of Columbia filed a Motion for Summary Judgment. (ECF No. 50). Thereafter, Plaintiff filed his Response in Opposition to the Motion. (ECF No. 56). The Magistrate Judge has issued a Report recommending that this court grant the Defendants' motion. Plaintiff filed Objections to the Report on August 6, 2012.

## II.    Legal Standards

### A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

### B. Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III. Analysis

### A. ADEA Claim

Plaintiff makes two objections to the Magistrate Judge's finding that Plaintiff has failed to establish that Defendants' reasons for terminating Plaintiff were pretextual. To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must demonstrate that: (1) he is a member of the protected class; (2) he suffered an adverse employment action; (3) at the time of the adverse employment action, he was performing his job at the level that met the employer's legitimate expectations; and (4) he was discharged under circumstances that raise a reasonable inference of unlawful

3

discrimination.  *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310–12 (1996).  In her Report, the Magistrate Judge concluded that while Plaintiff had established the first two prongs of a *prima facie* case, he had not proffered sufficient evidence to establish the third and fourth prongs.

With regard to the third prong, the Magistrate Judge found that "nothing in the record indicates that Baker's beliefs about Brown's performance deficiencies were not genuinely held."  (ECF No. 61, p. 6).  Plaintiff disagrees and offers his own deposition testimony in his objections to the Magistrate Judge's finding.  According to Plaintiff, at the end of his six-month probationary period, Plaintiff met with various supervisors, including Baker, and Baker indicated that he was happy with the progress that Brown had made on his assigned tasks.  (ECF No. 56-1, p. 11).  Nevertheless, Baker extended Brown's probation for an additional sixty days.  (ECF No. 56-1, p. 11).  Plaintiff contends that Baker's words and actions show that Baker had a "shifting and inconsistent standard of expectations."  (ECF No. 62, p. 3).  However, Baker's expression of approval that Brown had completed some of his tasks does not mean that Brown was performing at a level that met Baker's legitimate expectations.  Even assuming it was true that Baker was "happy" with the tasks that Brown had completed, many tasks remained incomplete.  (ECF No. 56-1, p. 5–16).  Baker was clearly unsatisfied with Brown's progress as evidenced by the extended probation.  The law is clear that it is the perception of the decision makers, not the plaintiff, that is important in the determination of whether a plaintiff can demonstrate pretext.  *Holland v. Washington Homes, Inc.*, 487 F.3d 208,

217–18 (4th Cir. 2007). Here, the court agrees with the Magistrate Judge that there is no evidence that Baker's beliefs about Brown's performance were not genuinely held.

As to the fourth prong of the prima facie case, Brown attempted to show pretext by comparing his employment with the employment of Damon McDuffie, a younger employee. To be similarly situated, a proffered comparator must have dealt with the same decision maker, been subject to the same standards, and have engaged in the same conduct without mitigating circumstances that would distinguish his conduct of the employer's treatment of him for it. The Magistrate Judge found that the Plaintiff and McDuffie were not similarly situated and that there was no valid comparison because McDuffie did not replace Brown as Parks Superintendent; McDuffie was not responsible for completing the tasks that had been assigned to Brown, and there was no evidence that the City experienced the same kinds of problems with McDuffie as it did with Brown. Additionally, McDuffie was also eventually suspended for failing to perform his duties satisfactorily. Plaintiff argues that McDuffie should not be dismissed as Brown's comparator just because they did not have the same title. According to Plaintiff, "McDuffie assumed the Plaintiff's duties and responsibilities after the Plaintiff was terminated," (ECF No. 62, p. 5), but Plaintiff fails to provide evidence to support his assertion. This court agrees with the Magistrate Judge that McDuffie was not similarly situated, particularly because he was not charged with completing the tasks that Brown left unfinished and because he did not engage in the same conduct that led to Plaintiff's termination.

### B.     First Amendment Claim

To establish a claim for retaliation in violation of the First Amendment's free speech protections, a public employee plaintiff must show: (1) that he spoke as a citizen, not an employee, on a matter of public concern; (2) that his interest in the expression at issue outweighed the employer's interest in providing effective and efficient services to the public; and (3) that there was a sufficient causal nexus between the protected speech and the retaliatory employment action.  *Smith v. Frye*, 488 F.3d 263, 267 (4th Cir. 2007).

The Magistrate Judge found that Brown was speaking as an employee when he reported that McDuffie was receiving improper kickbacks.  In support, the Magistrate Judge cited *Garcetti v. Ceballos* where the Supreme Court found that when public employees make statements "pursuant to their official duties," they are not speaking as citizens for First Amendment purposes.  547 U.S. 410, 421 (2006).  Plaintiff contrasts *Garcetti* with the instant case, saying "Plaintiff was under no duty to tell Baker that he suspected his immediate supervisor, McDuffie, was receiving kickbacks, unlike the attorney in *Garcetti* who was under a duty to disclose that a search warrant was obtained with false information."  (ECF No. 62, p. 6).  According to Brown, "[n]othing in the Plaintiff's official job duties or position description required or obligated him to report to Baker and Human Resources," but Brown fails to cite any evidence for this proposition. (ECF No. 62, p. 6).  The Plaintiff's own deposition testimony indicates that as the Parks Superintendent he was in charge of personnel management and evaluating other employees.  Though Brown reported one of his superiors in this case, the court agrees with the Magistrate Judge's assessment that Brown's "speech, like the Attorney's in

6

*Garcetti*, owes its existence to his professional responsibilities with the City." (ECF No. 61, p. 9).

Even if Brown's speech was made as a citizen, rather than an employee, the Magistrate Judge found no sufficient causal connection between the protected speech and the retaliatory action. After reviewing the record, this court agrees with the Magistrate Judge that "although Brown vaguely states that he always reported to Baker the rumors he was hearing about McDuffie, the record undermines this conjectural timeline." (ECF No. 61, p. 10). Plaintiff disagrees that the timeline was conjectural, and argues that the Magistrate Judge disregarded the Plaintiff's testimony that he did not necessarily write a note for an action he was going to do. However, in his deposition, Plaintiff stated, "I have the dates and times down in my book. . . . I keep my black book with me, anything that's said." (ECF No. 56-1, p. 17). To the contrary, the first time Plaintiff's notes mention McDuffie's alleged kickbacks is the day after he informed that he was being terminated. In this case, the Plaintiff has not established a causal connection because there are no dates "by which the court might judge a temporal relationship between his alleged complaint and his termination." *Hill v. IGA Food Depot*, C/A No. 2:04-00966-WKW-VPM (WO), 2006 WL 3147672, at *6 (M.D. Ala. Nov. 2, 2006).

7

**IV.	Conclusion**

For the reasons discussed above, this court adopts the Magistrate Judge's recommendation. Accordingly, the court hereby grants Defendants' Motion for Summary Judgment. (ECF No. 50).

IT IS SO ORDERED.

September 4, 2012							Joseph F. Anderson, Jr.
Columbia, South Carolina					United States District Judge